IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

CYNTHIA ANNE CORBLY and
JAMES EDWARD CORBLY,

      OPINION and ORDER

    Plaintiffs,

  v.                                  Case No. 15-cv-331-wmc

MR. STEPHAN JABERG,

    Defendant.

      Plaintiffs Cynthia Anne Corbly and James Edward Corbly, residents of Minnesota, have filed a civil action against Stephan Jaberg. The Corblys allege that Jaberg is the administrator of Cedar Community, which appears to be an assisted living facility located in West Bend, Wisconsin.[1] They further allege that Cedar Community interfered with the funeral service of Helen Roemer. Documents attached to the complaint indicate that Roemer was Cynthia Corbly's mother. The Corblys purport to bring claims for pain and suffering, slander, intimidation, and defamation of character. They are proceeding pro se, without an attorney, and have paid the full $400 filing fee.

      Normally, the next step would be for the court to issue a summons and direct the Corblys to serve the summons and a copy of their complaint on Jaberg in accordance with Rule 4 of the Federal Rules of Civil Procedure. Before doing so, however, the court is obligated to confirm that it has subject matter jurisdiction over this case. *Buchel-Ruegsegger v. Buchel*, 576 F.3d 451, 453 (7th Cir. 2009) (noting that federal courts have a duty to evaluate their own jurisdiction, "*sua sponte* if necessary") (citation omitted). The court may also

---

[1] According to the website for "Cedar Community," www.cedarcommunity.org, Cedar Community is an organization located in West Bend, Wisconsin, that operates independent and assisted living facilities in Washington and Sheboygan Counties, Wisconsin. The website identifies "Steve Jaberg" as the CEO of Cedar Community.

review and dismiss a case that is obviously frivolous, malicious or devoid of merit. *See Rowe v. Shake*, 196 F.3d 778, 783 (7th Cir. 1999) ("[D]istrict courts have the power to screen complaints filed by all litigants, prisoners and non-prisoners alike, regardless of fee status."); *Hagans v. Lavine*, 415 U.S. 528, 536 (1974) (district court may dismiss fee-paid complaint if claims are "so attenuated and unsubstantial as to be absolutely devoid of merit") (citation omitted).

Because they are pro se litigants, the Corblys are held to a "less stringent standard" in crafting pleadings. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Even under a relaxed pleading standard, however, the Corblys may not proceed with their lawsuit at this time. The Corblys' complaint does not provide sufficient information from which this court can determine whether subject matter jurisdiction exists or whether the Corblys may be entitled to any relief against Jaberg. Before they may proceed, therefore, the Corblys must file an amended complaint that fixes these problems.

OPINION

The Corblys' complaint is mostly unintelligible. The Corblys state that they are suing Jaberg for pain and suffering, slander, intimidation, and defamation, but their complaint provides no description of the actions taken by Jaberg that would support such claims. The Corblys appear to be complaining about actions taken by Cedar Community relating to the funeral of Helen Roemer, but the complaint says only that Cedar Community "stole the funeral service" and that, as a result, the Corblys "did not have remains to bury in South Dakota." Not only do the Corblys not explain what Cedar Community did that "stole the funeral service," or who at Cedar Community, in particular, acted in a way that violated the

Corblys' rights, but they fail to state when, where or why these actions took place. When may prove to be particularly important, since it would appear that Ms. Roemer died in 2000, meaning some or all of the claims here may be time barred.

The Corblys' complaint violates Rule 8 of the Federal Rules of Civil Procedure. Under that Rule, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." This means that "the complaint must describe the claim in sufficient detail to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *EEOC v. Concentra Health Services, Inc.*, 496 F.3d 773, 776 (7th Cir. 2007). The Corblys fail to include *any* facts showing that they are entitled to relief, as well as fail to provide defendant Jaberg with fair notice of the grounds for their claims against him in particular. Accordingly, it would be impossible for Jaberg to respond meaningfully to the Corblys' complaint in its current form.

Moreover, the deficiencies in the Corblys' complaint make it impossible for the court to determine whether it has subject matter jurisdiction over this case. Federal courts like this one generally have authority to hear two types of cases: (1) cases in which a plaintiff alleges a violation of his rights under the Constitution or federal law, *see* 28 U.S.C. § 1331; and (2) cases in which a citizen of one state alleges that a citizen of another state violated his or her rights established under state law and the amount in controversy exceeds $75,000, *see* 28 U.S.C. § 1332.

The court does not appear to have even arguable jurisdiction over this case under 28 U.S.C. § 1331, as any claim for pain and suffering, slander, intimidation, and defamation would likely arise under state law, not federal law. The court cannot determine whether diversity jurisdiction exists under 28 U.S.C. § 1332. The Corblys state that they live in

3

Austin, Minnesota, and that defendant Jaberg and Cedar Community are located in West Bend, Wisconsin. From this, the court can at least infer that the parties are citizens of different states. For the court to exercise its diversity jurisdiction, however, there is still the matter of the amount in controversy exceeding $75,000. Since the Corblys have neither identified what injuries they suffered, nor what remedy they are seeking through this lawsuit, it is impossible to determine whether there is more than $75,000 in controversy.

Because the Corblys have failed to plead facts establishing jurisdiction and have failed to comply with Rule 8, they may not proceed with their lawsuit unless they file an amended complaint that fixes these problems. If the Corblys choose to file an amended complaint, they should draft it as if they are telling a story to someone who knows nothing about their situation. This means that they should explain: (1) what happened to make them believe they have a legal claim; (2) when it happened; (3) who did it; (4) why; and (5) how the court can assist them in relation to those events. They should take care to identify the specific actions taken by defendant Jaberg or someone else at Cedar Community that they believe violated their rights. The Corblys should also explain *specifically* what relief they are seeking so that the court may determine whether it has subject matter jurisdiction over their claims. The Corblys should set forth their allegations in separate, numbered paragraphs using short and plain statements. After they finish drafting their complaint, they should review the complaint and consider whether it could be understood by someone who is not familiar with the facts of their case. If not, they should make necessary changes.

If the Corblys do not provide an amended complaint that fixes the problems identified in this order by July 2, 2015, the court will dismiss the complaint and close this case. *Stanard v. Nygren*, 658 F.3d 792, 798 (7th Cir. 2011) ("[W]here the lack of organization and basic

4

coherence renders a complaint too confusing to determine the facts that constitute the alleged wrongful conduct, dismissal is an appropriate remedy.")

ORDER

IT IS ORDERED that plaintiffs Cynthia Anne Corbly and James Edward Corbly may have until **July 2, 2015**, to file an amended complaint that establishes the court's subject matter jurisdiction and complies with Federal Rule of Civil Procedure 8 as described in this order.  **If plaintiffs fail to respond by that date, the clerk of court is directed to close the case.**

Entered this 11th day of June, 2015.

BY THE COURT:

/s/
_____
WILLIAM M. CONLEY
District Judge