IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

CYNTHIA ANNE CORBLY and
JAMES EDWARD CORBLY,

OPINION and ORDER

      Plaintiffs,

     v.                            Case No.  15-cv-331-wmc

MR. STEPHAN JABERG,

      Defendant.

*Pro se* plaintiffs Cynthia Anne and James Edward Corbly have filed a proposed amended complaint in response to the court's June 11, 2015, order denying them leave to proceed.  *See Rowe v. Shake*, 196 F.3d 778, 783 (7th Cir. 1999) ("[D]istrict courts have the power to screen complaints filed by all litigants, prisoners and non-prisoners alike, regardless of fee status.")  In their original complaint (dkt. #1), the Corblys purported to bring claims for pain and suffering, slander, intimidation, and defamation of character against the sole defendant, Stephan Jaberg, who is the administrator of Cedar Community, an assisted living facility located in West Bend, Wisconsin, where Cynthia Corbly's mother was a former resident.  Although their original complaint was mostly unintelligible, the Corblys appeared to be complaining about actions taken by Cedar Community relating to Ms. Roemer's funeral.

In its June 11 order, the court explained that before this matter could proceed, the Corblys would need to file an amended complaint containing more specificity with respect to: (1) whether the court had subject matter jurisdiction over the case; (2) whether the Corblys had a viable legal claim against Jaberg; and (3) whether the Corblys claims should not be dismissed as time-barred.  While the Corblys' amended complaint purports to fix these defects, its eighteen, single-spaced pages remain difficult to follow.  In addition, numerous

details do not seem particularly relevant to any claim the Corblys intend to assert against Jaberg. For example, the amended complaint describes Cynthia Corbly's role in caring for her parents and managing their assets and health care needs, as well as disputes that arose between the Corblys and Cedar Community at the time of Helen Roemer's death.

Essentially, the amended complaint explains that the Corblys wished to have Roemer's body buried in South Dakota, but a dispute with Cedar Community and confusion among various funeral homes allegedly prevented the Corblys from obtaining the body before it was cremated. Over the next several years, the Corblys contacted the police, federal, state and county authorities, as well as attorneys for Cedar Community, but they have been unable to obtain a satisfactory explanation for what happened. Cedar Community's attorneys have since instructed the Corblys to cease all contact. At some point, Cynthia Corbly was even arrested in Wisconsin for actions apparently related to her investigation into her mother's death and burial. Unfortunately for the Corblys, despite numerous, additional allegations, the amended complaint fails to correct the problems identified in the June 11 order for reasons discussed below. As a result, the court must dismiss their lawsuit.

DISCUSSION

I.     **Subject Matter Jurisdiction.**

As an initial matter, this court still lacks subject matter jurisdiction over this case. As explained in the June 11 order, federal courts like this one generally have authority to hear two types of cases: (1) cases that arise under federal law, 28 U.S.C. § 1331; and (2) cases in which the parties in suit are citizens of different states and the amount in controversy is greater than $75,000, 28 U.S.C. § 1332. The court does not have jurisdiction over the Corblys' case under 28 U.S.C. § 1331, as they have identified *no* federal claims in their amended complaint, nor can this court discern one from the facts alleged. For example, the

Corblys do not allege that Jaberg is a governmental actor, so they cannot bring claims against him under the United States Constitution; nor do their claims implicate any federal statute. Thus, any claims the Corblys may have against Jaberg arise under state law.

As for diversity jurisdiction under 28 U.S.C. § 1332, the Corblys include *no* jurisdictional allegations in their amended complaint.  In fairness, the Corblys did allege in their original complaint that they live in Austin, Minnesota, and that defendant Jaberg and Cedar Community are located in West Bend, Wisconsin, so the court inferred that the parties are citizens of different states and will do so again.  Since both in their original and amended complaints, the Corblys fail to identify any claim to a compensable injury or remedy sought in this lawsuit, it is impossible to determine the amount in controversy.  As the court explained in the June 11 order and the Corblys failed to respond, however, the court can only exercise its diversity jurisdiction if the amount in controversy exceeds $75,000.  Moreover, even giving the Colby's every benefit of the doubt, it seems unlikely that there would be.

## II.     Failure to State a Claim for Relief Against Defendant Jaberg.

In addition to this continuing jurisdictional defect, the Corbly's amended complaint continues to violate Rule 8 of the Federal Rules of Civil Procedure.  Under that Rule, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." This means that "the complaint must describe the claim in sufficient detail to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *EEOC v. Concentra Health Services, Inc.*, 496 F.3d 773, 776 (7th Cir. 2007).  Here, despite adding several pages of allegations to their amended complaint, the Corblys have failed to include facts showing they are entitled to relief against the *only* named defendant, Jaberg.  Instead, in an apparent attempt at providing context for their claims, the Corblys

have included pages of additional facts in their amended complaint that do *not* involve Jaberg. If anything, this lengthy irrelevant detail makes it even more difficult to discern precisely what claims the Corblys are attempting to assert against Jaberg.

### III.     Statute of Limitations.

Finally, the Corblys have not responded to the court's expressed concern that any claims they intend to assert against Jaberg are likely barred by the applicable statutes of limitation.  While the Corblys do not identify any particular legal theories in their complaint, the majority of their allegations relate to events that occurred more than *10* years ago, and any claims based on events that occurred more than *6* years ago are likely barred by the applicable statutes of limitations.  For example, if the Corblys are attempting to assert a claim for breach of a contract against Jaberg, they had six years from the date of the alleged breach to bring suit.  *See* Wis. Stat. § 893.43.  Since plaintiffs had been aware of any possible negligence claim almost immediately, a similar six year statute of limitations would apply. *See* Wis. Stat. § 893.52.  Finally, the Corblys were required to bring any intentional tort claims, such as defamation or slander, within two or three years of the date they learned of their injury (within two years if the injury was discovered before February 26, 2010, and within three years if the injury was discovered after that date).  *See* Wis. Stat. § 893.57. Although the Corblys include some allegations about more recent events in their amended complaint, none of those allegations appear to involve Jaberg.  So even if the Corblys could bring a timely, cognizable claim, they have not identified an appropriate defendant.

### CONCLUSION

Having now been given opportunities to do so, the Corblys appear unlikely to be able to cure the problems identified in the court's June 11 order.  Even if they could establish

subject matter jurisdiction, it is highly likely that *any* claim they could have asserted against Jaberg for actions he took relating to the death of Helen Roemer would be time-barred. Accordingly, it appears pointless to give the Corblys another chance to amend before this case is closed.  Nevertheless, the court will allow them to try if they do the following:

A.   <u>Use the complaint form attached to this order</u>.  The amended complaint must contain a caption, and must be signed by both plaintiffs.  *See* Fed. R. Civ. P. 10 and 11(a).

B.   <u>Include jurisdictional allegations</u>.  The amended complaint must contain good faith allegations establishing that:  (a) the Corblys and Jaberg are citizens of different states, and (b) the Corblys are seeking more than $75,000 in relief from Jaberg.  As for the latter, the Corblys must also explain *why* they believe they are entitled to relief exceeding this amount in monetary value.

C.   <u>Shorten and simplify the complaint</u>.  The Corblys should include enough facts to tell their story, *but* should try to be more succinct and avoid unnecessary details.  Instead, they should simply state:  (1) what happened to make them believe they have a legal claim; (2) when it happened; (3) when it was discovered; (4) who did it; (5) why; and (6) how the court can assist them in relation to those events.  *See* Fed. R. Civ. P. 8.  In particular, they should take care to identify the specific actions taken by defendant Jaberg, or perhaps by someone else at Cedar Community under Jaberg's supervision.   The Corblys should also set forth their allegations in separate, numbered paragraphs using short and plain sentences. Finally, after finishing a final draft of their complaint, they should review the complaint and consider whether it could be understood by someone who is *not* familiar with the facts of their case.  If not, they should make all necessary changes before filing it.

D.   <u>Delete claims that are untimely</u>.  It is obvious from the Corblys' allegations that they were or should have been aware of some, if not all, of Jaberg's actions long before

any applicable statute of limitations expired. Therefore, they should not include any claims that would be time-barred. If they do, the court will dismiss them immediately as barred by the statute of limitations. *See Cancer Foundation, Inc. v. Cerberus Capital Management, LP*, 559 F.3d 671, 674-75 (7th Cir. 2009) ("[D]ismissal is appropriate when the plaintiff pleads himself out of court by alleging facts sufficient to establish the complaint's tardiness.").

If the Corblys do not provide an amended complaint that fixes the problems identified within three weeks of this order, the court *will* dismiss the complaint and close this case. *Stanard v. Nygren*, 658 F.3d 792, 798 (7th Cir. 2011) ("[W]here the lack of organization and basic coherence renders a complaint too confusing to determine the facts that constitute the alleged wrongful conduct, dismissal is an appropriate remedy.")

ORDER

IT IS ORDERED that plaintiffs Cynthia Anne Corbly and James Edward Corbly may have until **December 15, 2015**, to file an amended complaint that establishes the court's subject matter jurisdiction and complies with Federal Rule of Civil Procedure 8 as described in this order. **If plaintiffs fail to respond appropriately by that date, the clerk of court is directed to close the case.**

Entered this 24th day of November, 2015.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge