IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

CYNTHIA ANNE CORBLY and
JAMES EDWARD CORBLY,

    Plaintiffs,

  v.

MR. STEVEN JABERG and
CEDAR COMMUNITY,

    Defendant.

OPINION and ORDER

Case No. 15-cv-331-wmc

*Pro se* plaintiffs Cynthia Anne and James Edward Corbly have now had three opportunities to draft a coherent civil complaint that raises a viable federal claim against defendant Steven Jaberg, the administrator of Cedar Community, an assisted living facility located in West Bend, Wisconsin, where Cynthia Corbly's mother, Helen Roemer, was a former resident. The court dismissed two previous complaints filed by the Corblys because they had failed to establish that (1) the court had subject matter jurisdiction over the case; (2) they had a viable legal claim against Jaberg; and (3) any of their claims were timely. The court gave the Corblys one final opportunity to file a complaint that fixed the numerous problems identified by the court. Unfortunately for the Corblys, their most recent complaint again fails to establish that they have any viable claims against defendant Jaberg or Cedar Community[1] that are not time-barred and over which this court would have jurisdiction. Accordingly, the court will dismiss the case and this case will be closed.

DISCUSSION

In the Corbly's previous two complaints, the court discerned that they were complaining about actions taken by Jaberg and Cedar Community relating to Ms. Roemer's

---

[1] The Corblys added Cedar Community as a defendant in their most recent complaint.

death and funeral arrangements. In particular, the Corblys alleged that they had wished to have Roemer's body buried in South Dakota, but actions by Cedar Community prevented the Corblys from obtaining the body before it was cremated. Over the next several years, the Corblys contacted the police, federal, state and county authorities, as well as attorneys for Cedar Community, but they have been unable to obtain a satisfactory explanation for what happened. Cedar Community's attorneys have since instructed the Corblys to cease all contact. At some point, Cynthia Corbly was even arrested in Wisconsin for actions apparently related to her investigation into her mother's death and burial.

The primary problems with the previous complaints were (1) the Corblys had failed to established subject matter jurisdiction; (2) the complaint violated Rule 8 of the Federal Rules of Civil Procedure in that it failed to provide defendant Jaberg with fair notice of the claims against him; and (3) all of the Corblys' claims appeared to be barred by the applicable statutes of limitations. The Corblys' most recent amended complaint includes allegations responding to the first and second problems identified above.

With respect to subject matter jurisdiction, the Corblys clarify that they are attempting to sue under state law, that there is complete diversity of citizenship between plaintiffs and defendants, and that they are seeking more than $800,000 in damages for their various state law claims. These allegations are sufficient at the pleading stage to invoke this court's jurisdiction under 28 U.S.C. § 1332.

With respect to the nature of their claims, the Corblys allege that they are suing Jaberg and Cedar Community for an accounting of Ms. Roemer's estate, as well as for injuries resulting from Cedar Community's libel, defamation, fraud and infliction of emotional distress, among other things. Assuming, without deciding, that the Corblys would have

standing to sue for injuries to Ms. Roemer's estate or to fraud on Ms. Roemer, however, the Corblys have still failed to address the significant problem of the statute of limitations.

As the court explained to the Corblys previously, the majority of the Corblys' complaints stem from events that occurred more than *10* years ago, when Ms. Roemer died. This includes allegations regarding her funeral arrangements and cremation. To the extent that the Corblys are attempting to assert a claim for breach of a contract against Jaberg or Cedar Community, they had 6 years from the date of the alleged breach to bring suit. *See* Wis. Stat. § 893.43. Because the Corblys were aware almost immediately after her death that Ms. Roemer's body would not be transferred to South Dakota, they were aware of any potential breach of contract almost immediately. Since plaintiffs would also have been aware of any possible negligence claim almost immediately, a similar 6 year statute of limitations would apply. *See* Wis. Stat. § 893.52. Finally, the Corblys were required to bring any intentional tort claims, such as defamation or slander, within two or three years of the date they learned of their injury (within two years if the injury was discovered before February 26, 2010, and within three years if the injury was discovered after that date). *See* Wis. Stat. § 893.57. Based on the allegations in the second amended complaint against Jaberg and Cedar Community, all of the Corblys' potential claims expired long before they filed suit.

The Corblys include some allegations in their complaint about information they obtained between 2009 through 2012 regarding Cedar Community's actions, but that more recently obtained information cannot revive the Corblys' expired claims. According to their allegations, the Corblys obtained this information as part of their investigation into why Cedar Community had failed to involve the Corblys in Ms. Roemer's end of life planning and cremation arrangements. However, although the Corblys may have discovered additional information that they believed support their claims of fraud or negligence against Cedar

3

Community, the Corblys knew the *basis* for their claims back in 2004. *See Stroh Die Casting Co. v. Monsanto Co.*, 177 Wis. 2d 91, 102–03, 502 N.W.2d 132, 136 (Ct. App. 1993) (holding that cause of actions accrues when claimant knows or should have known that there is "a relationship between the [causation] event and injury"). Additionally, to the extent they are alleging separate claims that arose in 2009 and later, they have not coherently identified any specific actions taken by Jaberg or Cedar Community, *post-2004*, that would support a claim for relief.

In sum, the Corblys' three attempts at pleading claims against Jaberg and Cedar Community confirm that their claims must be dismissed as untimely. The court will direct the clerk of court to enter judgment for defendants and close this case.

ORDER

IT IS ORDERED that the complaint filed by plaintiffs Cynthia Anne Corbly and James Edward Corbly is DISMISSED as barred by the applicable statute of limitations. The clerk of court is directed to enter judgment for defendants and close this case.

Entered this 7th day of March, 2017

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge